# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

AUGUST ARDAGNA,

    *Petitioner*,

vs.

JACK PALMER, *et al.,*

    *Respondents*.

3:11-cv-00683-ECR-WGC

ORDER

Petitioner has submitted an application (#1) to proceed *in forma pauperis* and a habeas petition.

The matter has not been properly commenced because the pauper application does not include all required attachments. Under 28 U.S.C. § 1915(a)(2) and Local Rule LSR1-2, petitioner must attach both an inmate account statement for the past six months and a properly executed financial certificate. Petitioner did not submit an inmate account statement for the past six months. Further, the financial certificate is not signed by an authorized officer. Petitioner may not simply complete the certificate himself and send in the pauper application without the officer's signature and without a printout of his inmate account statement.

The application therefore will be denied, and the present action will be dismissed without prejudice to the filing of a new petition in a new action with a pauper application on the proper form with all required attachments. It does not appear from the papers presented that a dismissal without prejudice will materially affect a later analysis of the timeliness issue.[1]

---

[1] The papers on file reflect the following. Petitioner was convicted of first degree murder with the use
(continued...)

1   IT THEREFORE IS ORDERED that the application (#1) to proceed *in forma pauperis*
2   is DENIED and that this action shall be DISMISSED without prejudice to the filing of a new
3   petition in a new action with a properly completed pauper application.
4   IT FURTHER IS ORDERED that the Clerk shall send petitioner two copies each of an
5   application form to proceed *in forma pauperis* for incarcerated persons and a noncapital
6   Section 2254 habeas petition form, one copy of the instructions for each form, and a copy of
7   the papers that he submitted in this action.
8   The Clerk of Court shall enter final judgment accordingly, dismissing this action without
9   prejudice.
10   DATED: October 7, 2011.

_____
EDWARD C. REED
United States District Judge

---

[1](...continued)
of a deadly weapon on January 30, 1991. Petitioner did not file a direct appeal. Unless otherwise tolled, the one-year limitation period for filing a federal habeas petition began running after the effective date of the Antiterrorism and Effective Death Penalty Act on April 24, 1996, and expired one later on April 24, 1997. The papers on file do not reflect any writ history by petitioner during the period from after April 24, 1996, until the filing of a state court motion to correct illegal sentence over a decade later on July 19, 2007. The Supreme Court of Nevada affirmed the denial of this motion on April 10, 2008, and the state high court's online docket records reflect that the remittitur issued on June 17, 2008. On July 11, 2008, petitioner filed a state post-conviction petition. On March 17, 2011, the Supreme Court of Nevada affirmed the dismissal of this petition on the grounds that the petition was untimely, was successive of an earlier petition filed prior to April 24, 1996, and was barred by laches. From the foregoing procedural history, it does not appear that a dismissal of the present petition without prejudice will materially affect an analysis of the timeliness issue as to a promptly filed later petition. Petitioner at all times remains responsible for calculating the running of the federal limitation period as applied to his case and properly commencing a timely-filed federal habeas action.